1
2
3
4
5
6
7
8

SHINAAN S. KRAKOWSKY [SBN 100972]
HAYES F. MICHEL [SBN 141841]
KRAKOWSKY MICHEL
1925 Century Park East, Suite 2050
Los Angeles, California  90067
Telephone: (818) 219-5792
Email: ssk@krakowskymichel.com
Email: hmichel@krakowskymichel.com

Attorneys for Plaintiff

9
10
11
12

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

NEW COMIC COMPANY LLC, a
California Limited Liability Company,


                    Plaintiff,

        v.

RICHARD J. SALA, an individual
and sole proprietor doing business as
WARRANT PUBLISHING
COMPANY, and DOES 1-10.

                    Defendants.

Case No.:

COMPLAINT FOR:

(1) COPYRIGHT INFRINGEMENT;

(2) VIOLATION OF LANHAM ACT
(FALSE DESIGNATION OF
ORIGIN);

(3) VIOLATION OF LANHAM ACT
(TRADE DRESS INFRINGEMENT);

(4) COMMON LAW TRADEMARK
INFRINGEMENT; and

(5) CANCELLATION OF FEDERAL
TRADEMARKS

DEMAND FOR JURY TRIAL

**INTRODUCTION**

1.      Plaintiff New Comic Company LLC (hereinafter referred to as "Plaintiff" or "New Comic") has brought this action to protect its copyright, trademark and other intellectual property rights in "Creepy" magazine – founded by legendary horror magazine publisher James Warren and published by Warren Publishing Company – from being flagrantly infringed by Defendant Richard J. Sala, an individual and sole proprietor doing business as Warrant Publishing Company (hereinafter referred to collectively as "Defendant" or "Sala"), who is currently publishing a "knockoff" version of "Creepy" magazine entitled "The Creeps" magazine through his knockoff d/b/a company named "Warrant" publishing company. By doing so, Sala is intentionally seeking to take advantage of the popularity and goodwill of "Creepy" magazine, its prior publisher (a constituent part of the goodwill of "Creepy" magazine), and "Creepy's" devoted fan base.

2.      At all times relevant hereto, Sala was aware of the existence of "Creepy" magazine, aware of the publishing history of "Creepy" magazine, aware that New Comic was the current owner of the intellectual property rights to "Creepy" magazine, and aware that he was infringing those intellectual rights by publishing "The Creeps." Not only was he aware of all these things, Sala publicly bragged that it was his intention to do "everything we can to recreate the Warren experience including the

size, paper stock, layouts and some of the original artists." In an effort to persuade New Comic that he was not a hostile actor, in 2017 Sala represented to New Comic that his new magazine would be an "homage" to "Creepy" and nothing else.

3. But Sala's true intentions became clear shortly thereafter when, in 2018, without informing New Comic, Sala applied for and obtained two federal trademarks for "The Creeps." In the course of doing so, not only did Sala infringe New Comic's rights, but he also committed fraud on the US Patent and Trademark Office ("USPTO") by willfully and knowingly failing to inform the USPTO in his trademark applications that there were other persons, specifically New Comic, who had a superior right to use the marks which he sought "either in the identical form or in such near resemblance as to be likely . . . to cause confusion or mistake, or to deceive."

4. After learning of Sala's infringement, duplicity and fraud on the USPTO, New Comic delivered a detailed cease and desist letter to Sala and his counsel, and made multiple good faith efforts to resolve the current dispute with them in order to avoid litigation. Unfortunately those efforts failed resulting in the filing of this action, as follows:

# I.

## JURISDICTION AND VENUE

5.     This is a civil action seeking damages and injunctive relief for, among other things, copyright infringement under the Copyright Act of the United States, (17 U.S.C. § 101, 106 et seq.). This action also arises under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); Cancellation of Trademark (15 U.S.C. § 1064); and California common law. Jurisdiction is proper under the doctrine of subject matter jurisdiction (15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338). Jurisdiction is also proper pursuant to this Court's supplemental jurisdiction as provided in 28 U.S.C. § 1367 in that the state law claims alleged herein are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.  This Court has personal jurisdiction over Defendants because, among other things, Defendants are doing business in the State of California and in this judicial district, and acts of infringement and the other acts complained of herein occurred in the State of California and in this judicial district.

6.     Venue is proper in this Judicial District under 28 U.S.C. 1391(c) in that Sala transacted business in this Judicial District and a substantial part of the events or omissions giving rise to the claims alleged herein occurred within this Judicial District.

## II.

## THE PARTIES

7.     Plaintiff New Comic is a California limited liability company that, at all relevant times, has conducted business within the Central District of California.

8.     Plaintiff is informed and believes, and on such basis alleges, that Defendant Richard J. Sala, an individual and sole proprietor doing business as Warrant Publishing Company, is and has been at all relevant times conducting business in California, his principal place of business is in this Judicial District, and a substantial part of the events giving rise to the claims alleged herein occurred in this Judicial District.

9.     Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 - 10, inclusive, and therefore sues said Defendants by such fictitious names.  Plaintiff will amend this Complaint to allege said Defendants' true names and capacities when ascertained.

10.     Plaintiff is informed and believes, and on such basis alleges that each of the aforementioned Defendants acted at all times alleged herein as the agent, employee, representative, and/or alter ego of the other Defendants; is responsible in some manner for the occurrences alleged herein; and caused the injuries alleged herein.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### III.

### FACTUAL BACKGROUND

#### A.    New Comic's 2007 Acquisition Of "Creepy" Magazine

11.    "Creepy" magazine was first published in 1964 by James

Warren and Warren Publishing Company. At the time, Warren was the

well-known publisher of "Famous Monsters of Filmland" magazine,

which focused on the horror film genre. From its inception "Creepy" was

a black and white illustrated anthology horror magazine in comic book

format that elected not to seek the approval of the Comics Code

Authority ("CCA") – the entity charged with regulating the content of

mainstream comic books – in order to explore horror, violence, sex and

other themes outside of the limitations set by the CCA. In this sense

"Creepy" magazine was a throwback to the days before the CCA when

comic books could contain more risqué and adult subject matter.

"Creepy" magazine – and its sister publication "Eerie" magazine – soon

became internationally known brands, and the creative contributors to

"Creepy" magazine (and "Eerie") were and are among the best artists and

storytellers in the comic book industry.

12.    "Creepy" magazine was nationally published from 1964 until

1983 originally on a bi-monthly basis, and subsequently nine times a

year. Each issue of "Creepy" contained stories with shock endings commented upon by "Uncle Creepy." The "Creepy" magazine cover layout is distinctive in many ways, from the title lettering, to the tag line above the title, to the visual presentation of Uncle Creepy and his location in a box in the upper left corner of the magazine, to the reference to it being "A Warren Magazine."[1] The original "Creepy" magazines have been continuously available on the secondary market since 1983. Moreover, on information and belief, "Creepy" licensed products have also been continuously available on the secondary market during this time period.

13. New Comic is the current registered copyright owner and common law trademark and trade dress owner of "Creepy" magazine and its content. New Comic acquired all intellectual property rights to "Creepy" magazine directly from James Warren and Warren Publishing Company on or about February 16, 2007, including all of their existing registered copyrights. As a result, New Comic is also the successor in interest to the dozens of existing federal copyrights for "Creepy" magazine listed on the federal copyright register pre-dating New Comic's 2007 acquisition of rights. The transfer of copyright ownership rights was

---

[1] Similarly, certain interior elements of the magazine are also distinctive in their own right, such as the Table of Contents layout, and the Letters to the Editor layout.

made pursuant to 17 U.S.C. §§ 204-205, and was documented in the

United States Copyright Office as Registration No. V3548D833 [Recorded

February 21, 2007].[2]

     14.    Shortly after the date of acquisition, New Comic published and

sold "Creepy Special #1" which was a compilation of stories and covers from

the "Creepy" archives. New Comic also published and sold "Creepy"

magazine hard cover quarterly compilation volumes every year from

2008 to and including 2019 containing reprints of previously released

"Creepy" magazines, as well as regularly publishing new "Creepy"

magazines with original content. The first such new "Creepy" magazine

was published in or about July 2009 and continued for seven years until

2016 by which time 24 issues had been published. During this time

period, New Comic also licensed rights to the "Creepy" name to various

companies for use on tee-shirts, Halloween masks, and collectables,

among other merchandise categories. These "Creepy" books, magazines

---

[2] At the same time that New Comic acquired these intellectual property
rights (including registered federal copyrights) to "Creepy," New Comic
also acquired similar intellectual property rights to "Eerie" magazine, its
sister publication.

and licensed materials remain available for sale to the public from online

retail vendors and through secondary markets.[3]

15.    As a result, New Comic (and its predecessors-in-interest, James

Warren and Warren Publishing Company), has continuously used the

"Creepy" mark in commerce in connection with New Comic's goods and

services, including but not limited to, "Creepy" magazine since at least 1964

and, accordingly, has established common law trademark rights in the

"Creepy" mark **senior** to any and all of Sala's infringing common law and

registered marks.

### B.    Sala Intentionally Committed Infringing Acts

16.    In or about 2014 Sala began publication of "The Creeps"

magazine. From the beginning, Sala made clear that he intended to

"recreate" as many identifiable visual elements of "Creepy" magazine as he

could. In an article entitled "The Creeps Is Almost Creepy" published by

the online magazine 13th Dimension on or about July 13, 2014, there is

the following question to Sala and his answer:

> In looking at the previews, **you've meticulously**
>
> **recreated the whole look of the old Warren**
>
> **books - right down to style of table of**

---

[3] New Comic also published a limited series of new Eerie comic books
from 2012-13. Additionally, New Comic has also regularly published
hard cover quarterly compilation volumes of "Eerie" magazine.

**contents, the typography, everything is a**

**perfect recreation** of that familiar look. Are you

using a similar paper? **How far are you going to**

**recreate** the experience of reading an old **Creepy**

**Magazine?**

I firmly believe that **Warren got it right** the first

time. **We're doing everything we can to**

**recreate the Warren experience including the**

**size, paper stock, layouts and some of the**

**original artists.** (emphasis added).

[A copy of the 13ᵗʰ Dimension article is attached
hereto as Exhibit 1].

17.   While Sala deceptively told a New Comic representative in

2017 that "The Creeps" was being published as an "homage" to

"Creepy," his true intent to misappropriate New Comic's intellectual

property was clearly revealed when, unbeknownst to New Comic, in 2018

Sala applied for and obtained two federal trademarks for "The Creeps"

[Reg. Nos. 5560902 and 5560903, Sept. 11, 2018]. Not only did Sala

intentionally infringe New Comic's senior common law "Creepy"

trademark by his publication of "The Creeps" – an independent basis for

registered trademark cancellation – in applying for and obtaining his two registered trademarks Sala also committed fraud on the USPTO, which is expressly identified in 15 U.S.C. §1064 as a separate basis for cancellation.[4] As the result of Sala's intentional infringement and his fraud on the USPTO, both of his federal trademarks must be cancelled.

[Copies of Sala's two federal registered trademarks as listed on the USPTO's "TESS" website are attached hereto as Exhibits 2-3, respectively]

**C.    Sala's Acts Of Trademark And Copyright Infringement**

18.    Sala's acts of trademark (including Lanham Act) and copyright infringement can clearly be seen by a comparison of a representative number of "Creepy" magazine covers with a representative cover of "The Creeps" magazine. Specifically, "Creepy" No. 29 (Sept. 1969), "Creepy" No. 38 (March 1971), "Creepy" No. 40 (July 1971) and "Creepy" No. 102 (Oct. 1978) with the "The Creeps" magazine No. 20 (Oct. 2019). Sala's unlawful acts of infringement include, but are not limited to, the following:[5]

---

[4] Sala's fraud on the USPTO is discussed in Section III(D).

[5] These four "Creepy" covers have been selected because individually they each demonstrate Sala's Lanham Act violations, his common law trademark infringement and his copyright infringement. Moreover, collectively these covers contain all of the identified stylistic elements that Sala has

(i)      Sala's magazine title "The Creeps" is confusingly similar to New Comic's magazine title "Creepy." This is readily apparent from a comparison of each of the above referenced "Creepy" covers with the above referenced "The Creeps" cover, sufficient to constitute a Section 43(a) Lanham Act false designation of origin violation, and a common law trademark violation;

(ii)      The stylized form of the letters used in Sala's magazine title "The Creeps" is confusingly similar to the stylized form of the letters used in the magazine title "Creepy." This is readily apparent from a comparison of each of the above referenced "Creepy" covers with the above referenced "The Creeps" cover, sufficient to constitute a Section 43(a) Lanham Act false designation of origin violation, and a common law trademark violation;

---

misappropriated for purposes of his Lanham Act trade dress infringement, and his "graphic work" copyright infringement applicable to magazine covers. (*See generally*, footnotes 6, 7, 8). The copies of these four "Creepy" magazine covers, and the copy of "The Creeps" magazine cover are attached hereto as Exhibits 4, 5, 6, 7, and 8 respectively.

(iii)   The visual depiction of "The Creeps" alter ego "The Old Creeps" is confusingly similar to the visual depiction of the alter ego of "Creepy" magazine "Uncle Creepy." This is readily apparent from a comparison of each of the above referenced "Creepy" covers with the above referenced "The Creeps" cover, sufficient to constitute a Section 43(a) Lanham Act false designation of origin violation, and a common law trademark violation;

(iv)   The name of "The Creeps" alter ego "The Old Creeps" is confusingly similar to the name of the alter ego of "Creepy" magazine "Uncle Creepy," sufficient to constitute a Section 43(a) Lanham Act false designation of origin violation, and a common law trademark violation;[6]

(v)   The placement of the title "The Creeps" and its proportion to the rest of the magazine cover is substantially similar to the

_____

[6] Items (i)-(iv) each individually and collectively constitutes a Section 43(a) Lanham Act false designation of origin violation, and common law trademark infringement.

placement and proportion contained in "Creepy"

magazine, as is readily apparent from a

comparison of each of the above referenced

"Creepy" covers with the above referenced "The

Creeps" cover;

(vi)    The tagline above the title of "The

Creeps" that reads "The Best In Illustrated Horror

To Give You" is substantially similar to the tag

lines contained above the title of "Creepy" Nos.

29 and 38 that read "First Magazine Of Illustrated

Horror," and the tag line contained above the title

of "Creepy" No. 40 that reads "The First And Best

In Illustrated Horror." Moreover, the proportion of

the tag line in "The Creeps" cover relative to the

magazine title is also substantially similar to that

of the proportion of the tag lines in the above

referenced "Creepy" covers;

(vii)   The placement of "The Old Creeps" in

a rectangular box in the top left corner on the

magazine's cover is substantially similar to the

placement of Uncle Creepy on the above referenced

four "Creepy" covers, down to the inclusion of the

magazine title below the headshot, followed by the

issue number below that, followed by the month

and year of publication below that;

(viii)  The reference to "A **Warrant**

Magazine" included on "The Creeps" cover below

and to the right of the letter "P" in the title is

substantially similar to the reference to "A

**Warren** Magazine" in the same location on the

covers of "Creepy" Nos. 29, 38, and 40 – referring,

of course, to "Creepy" original publisher, James

Warren and Warren Publishing Company.[7]

(ix)    The visual depiction of "The Old

Creeps" is substantially similar to that of "Uncle

Creepy" as Sala has copied, among other things,

Uncle Creepy's long nose, pointy chin, demonic

---

[7] Items (v)-(viii) relating to the "distinctive arrangement and layout" of certain non-copyrightable elements of the "Creepy" magazine covers are collectively entitled to copyright protection as a "graphic work." *See*, *Reader's Digest Ass'n., Inc. v. Conservative Digest, Inc.*, 821 F.2d 800, 806 (D.C. Cir. 1987). These items are also collectively entitled to trademark protection as "Trade Dress" infringement under Section 43(a) of the Lanham Act. *See*, *Reader's Digest*, *Id.* at 804-05.

smile, gaunt look, and jagged teeth;

(x)     The name of "The Creeps" alter ego

"The Old Creeps" is substantially similar to the

name of the alter ego of "Creepy" magazine

"Uncle Creepy," especially when taken in

conjunction with the visual depiction of the two

characters;[8]

(xi)    The layout of the table of contents

page in "The Creeps" is substantially similar to the

layout of the table of contents page in "Creepy"

magazine; and

(xii)   The layout of the letters from readers

to "The Old Creeps" pages in "The Creeps" is

substantially similar to the letters from readers to

"Uncle Creepy" pages in "Creepy" magazine.[9]

19.     Sala's unlawful activities have resulted in irreparable

injury and damage to New Comics' intellectual property.  Sala's

---

[8] Items (ix)-(x) each individually and collectively constitute, among other things, infringement of New Comic's registered copyrights.

[9] Items (xi)-(xii) are also entitled to copyright protection as "graphic works," and to trademark protection as "Trade Dress." *See*, fn.7, *supra*.

unlawful activities have also created the false impression that New

Comic has somehow endorsed or permitted the use of its intellectual

property by Sala.  Sala's actions therefore injure the public by

depriving the public of the right to be free of confusion in the

marketplace.

### D.      Sala's Fraud On The USPTO

20.      In addition to his acts of infringement and other

wrongful conduct as alleged herein, Sala has also committed fraud on

the USPTO in the context of his two trademark applications –

misconduct that is sufficient to result in the cancellation of both

trademarks.

21.   Specifically, Sala made the following misrepresentations

under penalty of perjury in both of his February 7, 2018 trademark

applications:

(i)      To the best of the signatory's knowledge and belief,

**no other persons . . . have the right to use the mark in**

**commerce, either in the identical form or in such near**

**resemblance as to be likely,** when used on or in connection with

the goods/ services of such other persons, **to cause confusion or**

**mistake, or to deceive.**

(ii)   **To the best of the signatory's knowledge, information, and belief,** formed after an inquiry reasonable under the circumstances, **the allegations and other factual contentions made above have evidentiary support.**

(iii)   **The signatory being warned** that willful false statements and the like are punishable by fine or imprisonment or both, . . . and **that such willful false statements** and the like **may jeopardize** the validity of the application . . . or **any registration resulting therefrom, declares that all statements** made of his /her own knowledge **are true, and all statements made on information and belief are believed to be true.** (emphasis added).

22.   Given Sala's express knowledge of New Comic's rights to the "Creepy" trademark as evidenced by, among other things, his prior communications with New Comic, and his publicly stated objective to "do everything we can to recreate the Warren experience including the size, paper stock, layouts," it is clear that the contents of all three above quoted paragraphs in Sala's two trademark applications are false. Indeed, Sala's false statements appear to be of a kind with similar false statements that have previously resulted in the cancellation of existing registered trademarks by the federal courts. *See*, *Angel Flight of*

*Georgia, Inc. v. Angel Flight America, Inc.,* 522 F.3d 1200, 1209-10 (1st Cir. 2008) (cancellation of registered trademark due to applicant's failure to disclose knowledge of use of identical or similar mark by others with the right to do so); *Dallas Cowboys Football Club, Ltd. v. America's Team Properties, Inc.,* 616 F.Supp.2d 622, 645 (N.D. Tex. 2009) (same).

[Copies of Sala's two trademark applications containing the above referenced false statements are attached hereto as Exhibits 9 and 10 respectively].

### E.    New Comic's Efforts To Avoid Litigation

23.    Shortly after learning that Sala had applied for and received federal trademarks for "The Creeps," New Comic retained counsel who sent Sala a detailed Cease & Desist letter dated September 27, 2019 ("C&D Letter"). The C&D Letter ultimately resulted in the execution of a Tolling Agreement dated September 16, 2019 for the purpose of trying to resolve the dispute and avoid litigation. However, Sala's counsel never provided New Comic with his long promised response to the C&D Letter setting forth his legal and factual basis for disputing New Comic's claims. As a result, the Tolling Agreement expired pursuant to its terms on June 16, 2020.

24.    In a last ditch effort to revive the possibility of settlement

discussions, on June 24, 2020 counsel for New Comic sent a "last chance"

email to Sala's counsel ("Last Chance Email"). Despite professing a desire

on the part of counsel and Sala to take advantage of the last chance, Sala's

counsel continually failed to provide his response to the C&D Letter –

after promising again to do so on multiple occasions – resulting in the end

of New Comic's attempts to resolve this case without litigation. Counsel

for New Comic sent his final email to Sala's counsel summarizing the

latter's failure to comply with his numerous promises on July 22, 2020

("Final Email"). There was no response. [Copies of the C&D Letter, the

Last Chance Email, and the Final Email referenced above are attached

hereto as Exhibits 11, 12 and 13, respectively].

**IV.**

**<u>CLAIMS FOR RELIEF</u>**

**<u>FIRST CLAIM FOR RELIEF</u>**

**(Copyright Infringement – 17 U.S.C. §§ 101, 106, et seq. [Direct,**

**Contributory, Vicarious]; against All Defendants)**

25.    New Comic hereby repeats each and every allegation contained

in Paragraphs 1 through 24, as though fully set forth in full.

26.    New Comic is the sole owner of the copyright in "Creepy"

magazine.  The Registration Nos. for the three magazines whose covers are

attached as Exhibits 4, 5, and 7 (as set forth in Paragraph 18), are No.

RE0000762981 ("Creepy" No 29), No. RE0000790001 ("Creepy" No. 38), and No. TX0000103681 ("Creepy" No. 102), respectively.[10]

27.    Sala has produced, reproduced, prepared derivative works based upon, distributed, and publicly displayed New Comic's protected work or derivatives of New Comic's protected work without its consent. Sala's acts violate New Comic's exclusive rights under the Copyright Act, 17 U.S.C. §§ 101, 106 et seq., including New Comic's exclusive rights to produce, reproduce, and distribute copies of its work, to create derivative works, and to publicly display its work.

28.    Sala's infringement has been undertaken knowingly, and with intent to financially gain from New Comic's protected copyrighted work. Sala has failed to exercise the right and ability to supervise persons within his control to prevent infringement, and he did so with intent to further his financial interest in the infringement of New Comic's protected copyrighted work. Accordingly, Sala has directly, contributorily, and vicariously infringed New Comic's protected copyrighted work. [11]

---

[10] *See also*, Registered Copyright No. V3548D833, recorded February 21, 2007, reflecting the assignment of copyright ownership rights from James Warren and Warren Publishing Company to New Comic.

[11] Sala has also violated New Comic's "graphic work" copyright rights relating to the "distinctive arrangement and layout" of certain non-copyrightable elements of the "Creepy" magazine covers. *See, Reader's*

29.     Because of Sala's infringing acts, New Comic is entitled to its

actual damages and Sala's profits attributable to the infringement in an

amount to be proved at trial, but in no event less than $1,000,000, and all

other relief allowed under the Copyright Act.

30.     Sala's infringement has caused and is causing irreparable harm

to New Comic, for which it has no adequate remedy at law. Unless this Court

restrains Sala from infringing New Comic's protected copyrighted work, the

harm will continue to occur in the future. Accordingly, New Comic is

entitled to a preliminary and/or permanent injunction.

## SECOND CLAIM FOR RELIEF

**(False Designation of Origin in Violation of Section 43(a) of the**

**Lanham Act, 15 U.S.C. § 1125(a); against all Defendants**

31.     New Comic hereby repeats each and every allegation set forth in

paragraphs 1 to 30 above, as though fully set forth herein.

32.     Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) provides,

in relevant part, that:

Any person who, on or in connection with any goods or services, or

any container for goods, uses in commerce any word, term, name,

---

*Digest Ass'n., Inc. v. Conservative Digest, Inc.*, 821 F.2d 800, 806 (D.C. Cir. 1987).

symbol, or device, or any combination thereof, or any false designation

of origin, false or misleading description of fact, or false or misleading

representation of fact, which—(1)(a) is likely to cause confusion, or to

cause mistake, or to deceive as to the affiliation, connection, or

association of such person with another person, or as to the origin,

sponsorship, or approval of his or her goods, services, or commercial

activities by another person . . . shall be liable in a civil action by

any person who believes that he or she is or is likely to be damaged by

such act.

33.    By making unauthorized use, in interstate commerce, of New

Comic's name, likeness, images, trade dress, and other intellectual property,

Sala has used a "false designation of origin" that is likely to cause confusion,

mistake or deception as to the affiliation or connection of New Comic with

the goods and services and/or as to the origin, sponsorship, association or

approval of Sala's services and goods by New Comic, in violation of Section

43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

34.    Sala's acts constitute the use in commerce of false designations

of origin and false and/or misleading descriptions or representations, tending

to falsely or misleadingly describe and/or represent Sala's products as those

of New Comic in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

35.    Because of Sala's infringing acts, New Comic is entitled to its actual damages and Sala's profits attributable to the violation of the Lanham Act in an amount to be proved at trial, but in no event less than $1,000,000, and all other relief allowed under the Copyright Act.

36.    Sala's infringement has caused and is causing irreparable harm to New Comic, for which it has no adequate remedy at law. Unless this Court restrains Sala from infringing New Comic's protected copyrighted work, the harm will continue to occur in the future. Accordingly, New Comic is entitled to a preliminary and/or permanent injunction.

37.    Sala's egregious conduct has been and is willful, malicious and intentional.

## THIRD CLAIM FOR RELIEF

**(Trade Dress Infringement in Violation of Section 43(a) of the Lanham Act, 15 U.S.C. §§ 1125(a); against all Defendants)**

38.    New Comic hereby repeats each and every allegation set forth in paragraphs 1 to 37 above, as though fully set forth herein.

39.     Prior to Sala's conduct that forms the basis for this Complaint, consumers had come to associate the distinctive "look and feel" of "Creepy" magazine with James Warren and Warren Publishing Company, the former publishers of "Creepy" and New Comic's predecessors-in-interest. As the new owner of the "Creepy" mark and the successor-in-interest to James Warren and Warren Publishing Company, since 2007 consumers have come to associate  the distinctive look and feel of "Creepy" magazine with New Comic.

40.     Through its promotional efforts, business conduct, and continuous use of the "Creepy" mark on "Creepy" magazine and other affiliated products carrying the  "Creepy" mark, New Comic has developed and maintained the "Creepy" mark throughout the United States. Through its widespread and favorable acceptance and recognition by the consuming public, the "look and feel" of the "Creepy" mark as contained on "Creepy" magazine has become an asset of substantial value as a symbol of New Comic, its high quality products and its goodwill.

41.     Accordingly, New Comic has established valid and enforceable rights in the "look and feel" of the "Creepy" mark, as described above. Notwithstanding New Comic's preexisting valid and enforceable rights in the "look and feel" of the "Creepy" mark, Sala, without permission or approval,

is using New Comic's trade dress on "The Creeps" magazine, published by Sala, to offer and sell his products and services in the United States.

42.     As a result of Sala's unauthorized use of New Comic's trade dress, both New Comic and Sala use (and have used) "Creepy's" trade dress in connection with related products.  New Comic and Sala offer (and have offered) their respective products and services to customers and clients and/or the relevant consumer base in the same geographical locations and through the same trade channels.

43.     Sala is a direct competitor of New Comic.

44.     Sala's unauthorized use of the "look and feel" of the "Creepy" mark and the "Creepy" trade dress in connection with offering related and competing products is not authorized by New Comic. It is likely to cause consumer confusion and mistake, and to deceive consumers as to the source, origin, or affiliation of Sala's products.

45.     Plaintiff  has a discernible interest in the "look and feel" of the "Creepy" mark and the "Creepy" trade dress, and New Comic has been, and continues to be, injured by Sala's unauthorized and unlawful use of New comic's trade dress.

46.     Sala's unauthorized use of the "look and feel" of the "Creepy" trade dress in connection with related and competing products and services is causing confusion among purchasers and potential purchasers of New

Comic's products. Moreover, in addition to the likelihood of confusion, as set forth above the "Creepy" mark has achieved "distinctiveness" and it also clearly satisfies the "nonfunctionality test.[12]

47.    The acts by Sala described above constitute an infringement and misappropriation of New Comic's rights in and to the use of the "look and feel" of the "Creepy" trade dress, with consequent damages to New Comic and the business and goodwill associated with and symbolized by New Comic's trade dress, and give rise to this claim under 15 U.S.C. § 1125(a).

48.    Sala's acts of infringement and misappropriation have caused and are causing great and irreparable harm to New Comic, New Comic's goodwill, and New Comic's rights in and to the "look and feel" of the "Creepy" trade dress, in an amount which cannot be adequately determined at this time and, unless restrained, will cause further irreparable injury and damage, leaving New Comic with no adequate remedy at law.

49.    Sala's acts of infringement and misappropriation have been and are being committed with actual knowledge of New Comic's prior rights in the "look and feel" of the "Creepy" trade dress, and are willful and in gross disregard of New Comic's rights.

---

[12] *See*, *Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1258 (9th Cir. 2001); *RDF Media Ltd. v. Fox Broadcasting Co.*, 372 F.Supp.2d 556, 562 (C.D. Cal. 2005).

50.     By reason of the foregoing, New Comic is entitled to injunctive relief against Sala, and anyone associated therewith, to restrain further acts of trade dress infringement, and to recover any damages proven to have been attributable to or caused by reason of Sala's actions in an amount no less than $1,000,000.

## FOURTH CLAIM FOR RELIEF

**(Common Law Trademark Infringement; against all Defendants)**

51.     New Comic hereby repeats each and every allegation set forth in paragraphs 1 to 50 above, as though fully set forth herein.

52.     New Comic, or its predecessor-in-interest, has continuously used the "Creepy" mark in commerce in connection with New Comic's goods and services, including "Creepy" magazine, since at least as early as 1964 and, accordingly, has established common law trademark rights in the "Creepy" mark **senior** to any and all of Sala's infringing common law and registered marks.

53.     Sala's unauthorized use in commerce of the "Creepy" mark in association with Sala's publication of "The Creeps" magazine constitutes infringement of New Comic's common law trademark rights, misappropriates the valuable goodwill developed by New Comic in the "Creepy" mark, and is likely to cause confusion among the relevant consuming public.

54.     Sala was, or should have been, aware of New Comic's use of and corresponding rights in the "Creepy" mark. Sala's acts aforesaid, including using names, terms, and/or marks that are identical or, at least, confusingly similar to New Comic's "Creepy" mark for identical or substantially similar goods and services, constitute willful infringement of New Comic's rights in the "Creepy" mark.

55.     Sala's acts of willful infringement of New Comic's rights in the "Creepy" mark have caused and, unless restrained, will continue to cause great and irreparable injury to New Comic, its business, and to the goodwill and reputation of New Comic in an amount that cannot be ascertained at this time, leaving New Comic no adequate remedy at law.

56.     Sala's acts of willful infringement of New Comic's rights in the "Creepy" mark are the proximate cause of such injury and damage suffered by New Comic.

57.     By reason of the foregoing, New Comic is entitled to preliminary and/or permanent injunctive relief against Sala, and anyone acting in concert with Sala, to restrain further acts of infringement of New Comic's rights and, after trial, to recover any damages proven to have been attributable to or caused by reason of Sala's aforesaid acts of infringement in

an amount not less than $1,000,000 and any enhanced damages justified by the willful and intentional nature of such acts.

## FIFTH CLAIM FOR RELIEF

**(Cancellation of Registered Federal Trademarks, 15 U.S.C. § 1064; against all Defendants)**

58.     New Comic hereby repeats each and every allegation set forth in paragraphs 1 to 57 above, as though fully set forth herein.

59.     On or about September 11, 2018, Sala obtained two registered trademarks for "The Creeps" – Registration Nos. 5560902-5560903.

60.     However, as set forth above, in both of his trademark applications Sala failed to disclose his knowledge of the use of an identical or similar mark by others with the right to do so – specifically New Comic and their "Creepy" mark, of which Sala was undeniably aware because of, among other things, his 2017 communications with New Comic. While fraud on the USPTO alone is reason for both of Sala's marks to be cancelled, in addition to Sala's fraud, New Comic has also clearly established that there is also a likelihood of confusion between New Comic's senior "Creepy" common law mark and Sala's junior common law and registered marks, which is a separate and independent basis on

which a trademark can be cancelled. For both of these reasons, Sala's two registered trademarks should be cancelled pursuant to 15 U.S.C. § 1064.

61.    By reason of the forgoing, New Comic is entitled to an Order of this Court cancelling Sala's two registered trademarks for "The Creeps," specifically Registration Nos. 5560902-5560903.

WHEREFORE, New Comic prays for judgment against Sala as follows:

1.    That the Court issue a preliminary and/or permanent injunction restraining, enjoining and prohibiting Sala, and his agents, employees and attorneys, and any person in active concert or participation with them or who are acting under their direction, and each of them, from the following:

(a)    producing, reproducing, preparing derivative works based upon, distributing, displaying, or in any way exploiting New Comic's copyrighted work "Creepy" magazine and/or the "Creepy" and "Uncle Creepy" names;

(b)    using New Comic's "Creepy" trademarks, trade dress and/or images, and from causing, contributing to or participating in, the unauthorized display and/or distribution of New Comic's "Creepy" trademarks, trade dress and/or images to the public in connection with any service or product;

(c) engaging in conduct which tends falsely to represent or is likely to confuse, mislead or deceive members of the public;

(d) otherwise unfairly competing with New Comic in any manner, and

(e) continuing to perform in any manner whatsoever any of the other acts complained of in this Complaint;

2. That the Court award New Comic its damages attributable to or caused by Sala's wrongful conduct in an amount no less than $1,000,000, including recovery of any compensatory damages sustained by New Comic as a result of Sala's infringing and/or tortuous activities described herein;

3. That the Court order Sala to account for all gains, profits and advances derived by him from the acts complained of, together with appropriate interest thereon;

4. That the Court further award New Comic an increase in damages in an amount found or assessed as a result of the willful, wrongful and malicious acts of Sala;

5. That Sala pay New Comic's costs and disbursements in this action, together with reasonable attorneys' fees;

6. That New Comic be awarded punitive damages as provided by law; and

1    7.    That New Comic have such other and further relief as the Court

2

3  may deem just and proper.

4  DATED: October 26, 2020                    KRAKOWSKY MICHEL

5

6                                             Hayes Michel /S/

7

8                                             _____
                                             By: Hayes Michel
9                                             Attorneys for Plaintiff
                                             New Comic Company
10                                            LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **DEMAND FOR JURY TRIAL**

2

3

4          Plaintiff New Comic Company LLC hereby demands a trial by jury for

5   all Claims For Relief for which a trial by jury is provided by law.

6

7

8   Dated: October 26, 2020                    KRAKOWSKY MICHEL

9

10

11                                             Hayes Michel /S/

12                                             _____
                                               By: Hayes Michel
13                                             Attorneys for Plaintiff
                                               New Comic Company
14                                             LLC

15

16

17

18

19

20

21

22

23

24

25

26

27

28